No. 729        July 29, 2026        897

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. R. M.,
*Appellant.*

Marion County Circuit Court
25JU04149; A189460

Manuel Perez, Judge.

Submitted June 17, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Leith, Senior Judge.

PER CURIAM

Reversed and remanded for entry of judgment omitting jurisdictional bases 4C and 4G; otherwise affirmed.

**PER CURIAM**

Mother appeals from a juvenile dependency judgment by which the juvenile court took jurisdiction over her child, J, under ORS 419B.100. In six assignments of error, she asserts that the juvenile court erred in taking jurisdiction over her child based on five jurisdictional allegations (allegations 4A, 4B, 4C, 4E, and 4G) and assigns error to the overall resulting jurisdictional decision.[1] As we briefly explain below, we affirm the juvenile court's conclusion that there was jurisdiction based on allegations 4A, 4B, and 4E, but we reverse as to allegations 4C and 4G.

"[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Jurisdiction under ORS 419B.100(1)(c) requires evidence of conditions or circumstances presenting a current threat of serious loss or injury to the child. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61, 308 P3d 307 (2013). The state must establish a nexus between the allegedly risk-causing conduct and a current, nonspeculative risk of harm existing at the time of the hearing. *Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014).

Having reviewed the record, we conclude that the juvenile court did not err in taking jurisdiction based on allegations 4A (relating to domestic violence against mother), 4B (mother's mental health), and 4E (the child's exposure to domestic violence). Applying the standards noted above, there was sufficient evidence to support jurisdiction on those grounds. The state concedes that there was insufficient evidence to support jurisdictional allegations 4C and 4G, namely that mother and father do not understand their child's basic needs and that they lack sufficient parenting skills to safely parent the child. As we did in father's separate related appeal, we accept the state's concession. *Dept. of Human Services v. S. G. S.*, 351 Or App 438, 439 (2026)

---

[1] The juvenile court found that allegation 4F was not proven and allegation 4D was dismissed.

(nonprecedential memorandum opinion). The basic needs and unsafe parenting allegations related to the use of whey protein supplements and other issues were resolved by the time of the jurisdiction trial.[2] As a result, we reverse the judgment of jurisdiction as to allegations 4C and 4G.

Reversed and remanded for entry of judgment omitting jurisdictional bases 4C and 4G; otherwise affirmed.

---

[2] Although the juvenile court discussed both issues near in time, we are not convinced that the court intended the allegations in 4C and 4G, which relate to the child's basic needs and the parent's alleged lack of parenting skills, to encompass the separate domestic violence issues. Indeed, the court separately concluded that there was jurisdiction based on the domestic violence allegations, and, as noted, we affirm the court's rulings on those allegations.